THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(GREENBELT DIVISION)

**In re:**

**RONALD BRENT TALTON**    *    Case No. 18-15071-LSS

\*    Chapter 13

\*

**Debtor.**

\*

_____

**OBJECTION TO PROOF OF CLAIM NUMBER 7 OF THE OFFICE OF
THE ATTORNEY GENERAL OF MARYLAND, CONSUMER
PROTECTION DIVISION**

Ronald Brent Talton (the "Debtor"), by and through his undersigned counsel, hereby objects to Proof of Claim No. 7 filed by the Office of the Attorney General of Maryland, Consumer Protection Division, pursuant to Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and, for cause, states as follows:

**Background**

1. On April 16, 2018, the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code.

2. Timothy P. Branigan was appointed Chapter 13 Trustee of the Debtor's bankruptcy estate, and presently serves in that capacity.

3. The Debtor filed this case to stay a scheduled foreclosure sale of the real property and improvements commonly known as 2042 Baythorne Road, Prince Frederick, Maryland 20678.

**Attorney General of Maryland Claim No. 7**

4. On May 17, 2018, the Attorney General of Maryland filed Proof of Claim No. 7 in this case, asserting a general unsecured claim of $144,665.77 (the "Claim").

5. Upon information and belief, the Claim consists of restitution, penalties, fees and costs, which are not set forth in the Claim.

6. Furthermore, the amount of the Claim as alleged is incorrect. Among other things, the Claim fails to account for payments made to the Attorney General as well as no less than $24,700.00 in payments made to the State's Attorney for St. Mary's County. See, e.g. **Exhibit A**.

7. The Debtor seeks strict proof of the amount, nature and validity of the Claim of the Attorney General, including a history of all payments received by or on behalf of the Attorney General relating to or arising out of the Claim.

8. Furthermore, in violation of the automatic stay, the Attorney General **continues** to seek a post-petition judgment against the Debtor arising out of the Claim in the Circuit Court of Maryland for Calvert County, in the matter captioned *In re Office of the Attorney General*, Case No. C-04-CV-17-000026 (the "Circuit Court Action"). Its petition to enforce administrative order, pending against the Debtor in the Circuit Court Action, seeks among other things, "a monetary judgment against [the Debtor]…, jointly and severally, in the amount of *$218,382.63[1]*, representing the restitution, economic damages and penalties due…"

9. Despite the automatic stay, the Attorney General filed an opposition to the Debtor's suggestion of bankruptcy, arguing to the Circuit Court that the police power exception to Section 362 permits the Circuit Court to, among other things, enter judgment

---

[1] More than $73,000 higher than the Claim.

against the Debtor and permits the Circuit Court to determine that its claim (alleged to be $218,382.63) against the Debtor is non-dischargeable.

10.     In response to the Attorney General's opposition to the Debtor's suggestion of bankruptcy, the Circuit Court has scheduled a hearing on July 7, 2018.  To the extent the Debtor incurs fees and costs in defending the automatic stay in the Circuit Court Action, the Debtor reserves the right to set-off against the Claim and/or seek appropriate relief under Section 362(k) of the Bankruptcy Code.[2]

**Relief Requested**

11.     Federal Rule of Bankruptcy Procedure 3007 provides the procedure for objecting to a creditor's claim.

12.     The Debtor's books and records do not support the amount of the Claim sought by the Attorney General.  The Debtor demands strict proof thereof, including the nature of its Claim and a payment history reflecting all payments received by or on behalf of the Attorney General.

13.     The Debtor requests that the Claim of the Attorney General be denied in its entirety pending support thereof.

WHEREFORE, given the foregoing, Ronald Brent Talton respectfully requests that the Debtor's objection to Proof of Claim No. 7 filed by the Attorney General of Maryland be sustained, and that the Court grant such other and further relief as the Court in its discretion deems fair and just.

---

[2] The Debtor reserves its rights and remedies to pursue all damages against the Claimant should Claimant continue to pursue its judgment against the Debtor in the Circuit Court.

**NOTICE**

**WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THIS OBJECTION, CLAIMAINT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM.  ANY INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.**

Dated:  June 12, 2018                    Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM GREENAN & LYNCH, P.A.

**/s/ Steven L. Goldberg**
Steven L. Goldberg (Fed Bar No. 28089)
James M. Greenan (Fed Bar No. 08623)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770
T: (301) 441-2420
F:  (301) 982-9450
sgoldberg@mhlawyers.com
jgreenan@mhlawyers.com
*Attorneys for Ronald Brent Talton*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 12th day of June, 2018, a copy of the foregoing Objection was served by first class mail, postage prepaid to the following:

Office of the Attorney General of Maryland, Consumer Protection Division
Niknaz M. McCormally
200 St. Paul Place, 16th Floor
Baltimore, MD 21202

Honorable Brian Frosh (by certified mail)
Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202

Timothy P. Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046

Scott E. Nadel, Esquire
Law Offices of Jeffrey Nadel
4041 Powder Mill Road
Suite 200
Calverton, MD 20705

/s/ Steven l. Goldberg
_____
Steven L. Goldberg