IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE: RONALD B. TALTON, JR.   *   Case No. 18-15071
                                                                         Chapter 13
                                                     *
                        Debtor.
                                                     *

*       *       *       *       *       *       *

**STATE OF MARYLAND CONSUMER PROTECTION DIVISION'S MEMORANDUM
IN OPPOSITION TO DEBTOR TALTON'S PROOF OF CLAIM OBJECTION**

      The Consumer Protection Division of the Office of the Attorney General for the State of Maryland ("Division"), hereby files this Memorandum in Opposition to Debtor Ronald B. Talton, Jr.'s Objection to Proof of Claim Number 7, and states as follows:

      1.      On May 17, 2018, the Division filed a Proof of Claim asserting that Talton owes the Division $144,665.77 based on an administrative Final Order issued by the Agency[1] on April 12, 2016. *See* Proof of Claim attached as Ex. 1; True Test Copy of Final Order attached as Ex. 2.a and incorporated Proposed Decision attached as Ex. 2b.

      2.      Through counsel, Debtor Talton has filed an objection to the Division's Proof of Claim, and asks the Court to deny the Claim in its entirety pending support of the Division's debt.

      3.      Talton's Objection included an attachment not previously disclosed to the Division that showed criminal restitution payments made by Talton to the State's Attorney for St. Mary's County. *See* Ex. 1 of Doc. 24, Objection to Proof of Claim Number 7.

---

[1] The Consumer Protection Division in its capacity as an administrative agency shall be referred to as the "Agency."

4.      For the reasons set forth in this Memorandum, the Division requests that the Court deny the Objection to the Claim and allow the claim in the amount set forth in the Division's Proof of Claim.

**Factual Background**

5.      On March 22, 2011, the Division filed a Statement of Charges against Ronald Talton, Jr.[2] alleging that he violated the Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 through § 13-501 ( "CPA"), the Maryland Home Builder Registration Act, Md. Code Ann., Bus. Reg. § 4.5-101 through § 4.5-701 ( "HBRA"), the New Home Deposits Act, Md. Code Ann., Real Property, § 10-301 through § 10-306 ( "NHDA"), and the Maryland Custom Home Protection Act, Md. Code Ann., Real Property, § 10-501 through § 10-509 ("CHPA") by, among other things, fraudulently and deceptively obtaining a registration, making false and misleading representations and material omissions of fact to consumers, and failing to protect the deposits and payments consumers paid for the construction of new and custom homes. The Division filed a Petition for Hearing simultaneously with filing the Statement of Charges. Pursuant to Md. Code Regs. ("COMAR") 02.01.02.04B, the Agency delegated its authority to the Maryland Office of Administrative Hearings ("OAH") to conduct the contested case hearing and to render proposed findings of fact and conclusions of law, but not to recommend proposed relief.

6.      On March 28, 2014, a contested case hearing was convened at OAH and the case was tried before Administrative Law Judge Jerome Woods, II (the "ALJ" or "ALJ Woods").

---

[2] The Statement of Charges were filed against three respondents: Ronald Talton, Kristine Talton, and Bayfront Group, Inc. The subsequent Final Order was also entered against all three respondents, who were found jointly and severally liable for the charges therein. Since Ronald Talton is the Debtor in the current action, this Memorandum focuses on him.

2

7. On July 9, 2014, ALJ Woods issued a Proposed Decision, finding that Talton had violated the HBRA, CHPA, NHDA, and CPA. *See* Ex. 2.b, Proposed Decision.

8. On April 12, 2016, the Agency issued a Final Decision and Order, which incorporated the ALJ's findings of fact and conclusions of law, and found that, in connection with home building activities in the State of Maryland, Talton violated the HBRA, CHPA, NHDA and CPA. *See* Ex. 2.a., Final Order.

9. In relevant part, the Final Order found Talton liable for payment to the Agency of $124,665.77 in restitution for harm caused to consumers Christine Waters and Robert Harned, and $20,000.00 in civil penalties for violations of the HBRA and CPA.[3] *See* Ex. 2.a, Final Order, ¶¶ 13, 21, 23. The Final Order held that payment must be made to the Agency within forty-five (45) days of the Final Order. *Id.* at ¶¶ 13, 24. Talton has not made any payments to the Agency to date. *See* Ex. 3, Whittaker Affidavit.

10. On June 28, 2017, the Division filed a Petition to Enforce the Agency's Final Order and summons were issued. Service was not perfected prior to the expiration of the summons. In response to the Clerk's Notice of Contemplated Dismissal, on February 8, 2018, the Division filed, in relevant part, a Motion to Defer Dismissal, an Amended Petition to Enforce, and a Motion for Summary Judgment against all three Respondents. Respondent Ronald Talton, Jr. was personally served with the filings on March 14, 2018.

11. The Amended Petition to Enforce the Final Order sought a judgment that included: $124,665.77 in restitution, $73,716.86 in consumer economic damages, and $20,000.00 in civil penalties. *See* Ex. 4, Amended Petition to Enforce (attached without exhibits).

---

[3] The Agency also found Respondents caused consumers economic damages in the amount of $73,716.86. *See* Ex. 2.a, Final Order, ¶ 15.

3

12. On April 17, 2018, Respondent Ronald Talton, Jr. filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland.

13. On May 17, 2018, the Division filed a Proof of Claim seeking $144,665.77 from Debtor Talton. This includes $124,665.77 in restitution and $20,000.00 in civil penalties, as permitted by the 2016 Final Order.

14. On June 12, 2018, Debtor Talton, through counsel, filed an objection to the Division's Proof of Claim, and asked the Court to deny the Claim in its entirety pending support of the Division's debt. *See* Doc. 24, Objection to Proof of Claim Number 7. A "Restitution Payment Receipt" on letterhead from the State's Attorney for St. Mary's County is included in the Objection as Exhibit 1. This receipt lists Talton as the Defendant, and it lists the dates and amount of payments made, presumably to the State's Attorney's Office. *Id.* The document does not indicate which victims or consumers received these payments, or how much each victim or consumer received.

15. The Division has requested documentation from both Talton and Talton's counsel regarding criminal restitution payments Talton made to the St. Mary's State's Attorney's Office ("SAO") that are eligible to be applied as credit against the civil restitution owed to consumers Waters and Harned under the Final Order. Other than the Restitution Payment Receipt attached to Talton's Objection to Proof of Claim 7, the Division has not received any records from Talton or Talton's counsel regarding criminal restitution payments made to the SAO.

16. The Division has contacted the SAO to inquire about the amount of criminal restitution payments Talton may have made for the benefit of consumers Waters and Harned. *See* Ex. 3, Whittaker Affidavit. Cathy Conolon with the SAO stated that the criminal restitution payments received in the Talton case are being divided among multiple consumers, and that no

set of consumers is receiving one-hundred percent of the restitution received by the SAO. *Id.* To date, the Division has not received records indicating whether consumers Waters and Harned have received any criminal restitution payments from Talton, and if so, in what amounts.

## Response to Objections

17. Talton requests "a history of all payments received by or on behalf of the Attorney General relating to or arising out of the Claim." The Division has not received any payments relating to or arising out of the Claim, nor has the Office of the Attorney General authorized another entity to collect payments relating to or arising out of the Claim. *See* Ex. 3, Whittaker Affidavit.

18. The Final Order states, "[t]o the extent that the Respondents provide the Proponent and the Agency records of payment of restitution in connection with that criminal plea, they shall receive credit against the $124,665.77 in restitution due under this Final Order…" *See* Ex. 2.a, Final Order, ¶ 13. Prior to Talton's Objection to Proof of Claim filed on June 12, 2018, Talton had not provided the Agency with any information regarding criminal restitution payments he may have made. *See* Ex. 3, Whittaker Affidavit.

19. The Final Order clearly places the burden on Talton to provide the Agency with records that demonstrate that Waters and Harned have received criminal restitution payments if Talton wishes to receive the offered credit for these payments. *See* Ex. 2.a, Final Order, ¶ 13.

20. The Agency has requested from opposing counsel, and has yet to receive, documentation linking the Restitution Payment Receipt provided as Exhibit 1 to Talton's Objection to Proof of Claim to demonstrate what amounts consumers Waters and Harned have received of the criminal restitution already paid.

21. To date, the Division has not received records from either Talton, Talton's counsel, or the SAO indicating whether consumers Waters and Harned have received any criminal restitution payments from Talton, and if so, in what amounts.

22. If Talton abides by the requirements of the Final Order by providing the Division with records that show criminal restitution payments made for the benefit of consumers Waters and Harned in connection with his criminal plea, the Division will credit the amount of civil restitution Talton owes the Agency, pursuant to the Final Order. The Division further agrees to file an Amended Proof of Claim accordingly.

## **Relief Requested**

23. For all the foregoing reasons, the Agency respectfully requests that the Court deny the Objection to the Proof of Claim and allow such claims in full in the amounts provided in the Proof of Claim until such time as Talton provides the Division with records described above, and grant such other relief as the Court deems just and equitable.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

By:   /s/ Niknaz M. McCormally____
Niknaz M. McCormally
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6336
nmccormally@oag.state.md.us
Federal Bar No. 18836
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 29th day of June, 2018, a copy of the State of Maryland Consumer Protection Division's Memorandum in Opposition to Debtor Talton's Proof of Claim Objection was mailed, first class, postage prepaid, addressed to:

Ronald B. Talton, Jr
28748 Burroughs Court
Mechanicsville, Maryland 20659

Stephen L. Goldberg, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Timothy P. Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046

                                              /s/ Niknaz M. McCormally____